BENJAMIN H. MILES *et al.*, Respondents, *v.* STEAMBOAT DIUR-
NAL, Appellant.

*Boats and Vessels—Transportation.*—The statute, R. C. 1855, p. 304, § 1, s. d.
4, gives a lien upon a boat for damages arising from the non-performance
or mal-performance of a contract for towing.

*Appeal from St. Louis Circuit Court.*

*A. M. & S. H. Gardner*, attorneys for respondents.

*Voorhis*, attorney for appellant.

The following instructions were given and refused :

" If the jury believe, from the evidence, that the bow-dock
in question was lost to the plaintiffs by reason of the negli-
gence or carelessness of the officers and crew of the defend-
ant, either in fastening the bow-dock to the steamboat
' Diurnal,' or in turning the same, or in the manner in
which it was left ; or that they failed to deliver the said
bow-dock at the upper ferry landing, as they had agreed to
do, by reason of any carelessness or negligence on the part
of the officers and crew of said boat, by which said bow-dock
was lost to the plaintiffs, then the jury will find for the
plaintiffs, and assess the damages at the value of said dock
at the time it was taken in tow by said defendant, and in-
terest on the same from the commencement of this suit.

" If the jury find, from the evidence, that the bow-dock
in question was sunk and lost while being towed by defend-
ant for hire, and that such loss was occasioned by any want
of skill, care, or attention, on the part of the officers or crew
of defendant ; or if they find that said dock might have
been saved, after it was sunk, by reasonable care, skill, and
attention on the part of the officers and crew of defendant,
then the jury should find for the plaintiffs."

The defendant excepted to these instructions.

The defendant asked and was allowed the following in-
structions :

" If the jury believe, from the evidence, that the dock in

question was made fast to the 'Diurnal,' under the super-intendence and by the direction of Patton, and that it sunk and was lost by reason of its being improperly secured, through his improper directions in reference thereto, then they must find for the said steamboat, defendant herein.

" If the jury believe, from the evidence, that the captain of the defendant agreed to tow said bow-dock only on condition that it could stand towing, and that Patton, who had said dock in charge, if they find that he did so have it in charge, assured him that such was the case; and if they further find that Patton, in making such assurances, misrepresented the facts in reference to such dock, and that the sinking of the said dock resulted from the fact that it was not in such condition as to stand towing, then the jury must find for the said steamboat, defendant."

The ruling of the court was excepted to.

The defendant asked and was refused the following instructions :

" The jury are instructed, that by agreeing to tow said dock defendant did not become an insurer thereof; and although the jury find that said dock was lost while being towed by defendant, they must find for defendant, unless they further find that such loss was solely occasioned by carelessness or negligence on the part of the defendant, her officers and crew.

" The jury are instructed, that by agreeing to tow said dock defendant did not become an insurer thereof; and although the jury find the said dock was lost while being towed by defendant, they must find for defendant, unless they further find that the plaintiffs exercised and availed themselves of all the means within their power to save said dock after it became endangered ; in other words, plaintiffs are not to stand by and see the destruction of their property without making any effort to save the same, and then be permitted to charge defendant therefor.

" If the jury believe, from the evidence, that after the sinking of said dock and its being made fast to the 'Ex-

celsior,' it could have been saved by exertions on the part of Patton and those having it in charge, and that they failed to make such exertions, then they must find for the defendant.

" If the jury believe, from the evidence, that after the sinking of said dock and its being made fast to the ' Excelsior,' it could have been saved by the use, on the part of Patton and those having it in charge, of ordinary care and exertion, and that they failed to use such ordinary care and exertion, they must find for the defendant.

" If the jury believe, from the evidence, that the dock in question was in the possession of David Patton at the time of its sinking, and that the contract for towage was entered into between him and the officers of the ' Diurnal,' on account of said Patton, and that said Patton in making said contract was acting on his own behalf, and not on behalf of or as the agent of the owners of said dock, then the plaintiffs are not the proper parties to this suit, and the jury must find for the defendant."

BATES, Judge, delivered the opinion of the court.

This was a suit by Miles & Co., the owners of a bow-dock, (which is understood to be a small floating dock, used to raise the bows of steamboats so as to permit certain repairs to be made,) against the steamboat Diurnal, for the malperformance of a contract to tow the dock from one point at the steamboat landing, in the city of St. Louis, to another, in which the plaintiffs charged that the towing was done so carelessly and negligently that the dock was sunk and lost. It appeared at the trial that immediately upon the steamboat starting with the dock, to tow it, the dock became filled with water and floated down stream, and was there, by the crew of the defendant, tied by a long rope to the stern of another steamboat, which was lying at the landing, and was left in that condition in the stream, full of water and partially sunk ; and that neither party made any further attempt to save it. Verdict and judgment were

given for the plaintiffs, from which the defendant appealed to this court, and here makes the following points :

1. That the contract for towing the dock was not a contract of affreightment, nor a contract touching the transportation of property.

The statute gives a lien for the mal-performance of either of these contracts, and, therefore, obviously intended by the contract touching the transportation of property something more, or different from the contract of affreightment ; and the term used is so broad as literally to include transportation in any manner whatever, and no just reason is perceived for supposing that the Legislature intended to except transportation by towing.

2. That the plaintiffs are not proper parties to the action, because the contract was made with one Patton, as the principal, and not as agent of the plaintiffs.

This objection cannot be sustained, because the answer admits that the contract was made with " one David Patton, servant and agent of the plaintiffs."

3. That the loss of the dock was caused by the misconduct of Patton, the plaintiffs' agent. Of this defence the defendant had, by the instructions given, the full benefit. It would have been improper in the court to instruct the jury that the plaintiffs, after the accident happened, were bound to do any specified acts.

4. That the master of the defendant was deceived by Patton as to the condition of the dock, there being some water in it.

The instructions gave the defendant the full benefit of this defence. The judgment is affirmed. Judges Bay and Dryden concur.